UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA SANFORD, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>MEMBERWORKS, INCORPORATED, a Delaware corporation, aka MWI Essentials, aka MWI Home and Garden, aka MWI Connections, aka MWI Valuemax, WEST CORPORATION, a Delaware corporation, WEST TELEMARKETING CORPORATION, a Delaware corporation,<br><br>　　　　　　　　　　　　　Defendants. | CASE NO. 02CV0601-LAB (AJB)<br><br>**ORDER DENYING LEAVE TO FILE DOCUMENTS UNDER SEAL; AND**<br><br>**ORDER GRANTING IN PART *EX PARTE* APPLICATION FOR LEAVE TO SEEK RECONSIDERATION**<br><br>[Dkt. Nos. 147, 148.] |

　　　　On September 30, 2008, the Court issued an order dismissing the First Amended Complaint ("FAC") without prejudice. Because it was evident the causes of action identified in the First Amended Complaint could not be saved by further amendment, the Complaint was dismissed without leave to amend. Plaintiff then filed an *ex parte* application for leave to move for reconsideration (the "Motion to Amend"). Plaintiff argues that she can state a RICO claim, a theory neither advanced in her pleadings thus far nor supported by allegations in the FAC. The RICO claim is, however, apparently based on the same general series of transactions and occurrences as were the claims in the original complaint. Plaintiff attempted to support her Motion to Amend using certain exhibits, some of which she seeks leave to file under seal.

**I.      Motion to Amend**

Although only one amended complaint was accepted for filing, the September 30 order deemed the FAC amended. Plaintiff has thus amended her original complaint twice. Her Motion to Amend, however, points out in neither case did the amendments go to the heart of her claims. Defendants have opposed the Motion to Amend, pointing out Plaintiff sat on her claim for five years and arguing she only now wishes to raise it as a last-ditch effort.

The Court's order of September 30 held the facts underlying Plaintiff's original claims did not support recovery under the statute she relied on. Ordinarily, when a plaintiff is faced with the possibility her claims will be dismissed but is aware of an alternate legal theory which avoids the danger of dismissal, she would point this out either in her opposition to the motion to dismiss or in some other way. In this case, because Plaintiff had already amended once of right, *see* Fed. R. Civ. P. 15(a), she might also have filed a motion for leave to amend to add the RICO claim after the motion to dismiss was filed.

It appears questionable whether Plaintiff can successfully amend to bring a RICO claim. The Court is mindful that leave to amend should be given freely when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). Amendment need not be permitted, however, when doing so would be futile. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 n.4 (9th Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Because RICO claims are frequently inadequate, relying on vague and conclusory allegations, courts frequently review them shortly after filing to ensure compliance with the pleading requirements of Fed. R. Civ. P. and 9. *See, e.g., Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 776 (7th Cir. 1994) (explaining that while RICO complaints tend to be lengthy, they must still meet ordinary pleading requirements).

The Court therefore **GRANTS IN PART** Plaintiff's Motion to Amend. Plaintiff may, no later than 14 calendar days from the date this order is issued, file a motion for leave to file a second amended complaint.[1] Plaintiff's proposed second amended complaint ("SAC") must be filed as an exhibit to the moving papers. The SAC must not include claims previously dismissed without leave

---

[1] Although, as noted above, the FAC was deemed amended, only one amended complaint was actually accepted for filing.

to amend, and must be complete in itself. Because Plaintiff has described in some level of detail the legal theories and factual bases for the claims she wishes to bring and because of the lateness of this request to amend, the Court expects the SAC to include factual allegations supporting every element of her RICO claims, and to cite the statutes and theories of recovery she relies on. To the extent fraud is the basis for a RICO claim, it must be pleaded with the particularity required under Fed. R. Civ. P. 9(b). *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988). In short, the proposed SAC should demonstrate on its face why amendment would not be futile. Plaintiff shall also forward a copy of the proposed SAC to chambers. If Plaintiff's motion is granted, the proposed SAC will then be filed. A grant of leave to amend will not foreclose a later motion to dismiss.

## II.     Motion for Leave to File Documents Under Seal

Just before filing her Motion to Amend, Plaintiff filed a motion for leave to file supporting documents under seal (the "Motion to Seal"). The sources of these documents, now-dismissed Defendants West Corporation and West Telemarketing Corporation (collectively, "West"), have objected, arguing that submission of the documents for filing and their service on Defendant Memberworks, Inc. contravenes the settlement agreement between Plaintiff and West and violates or attempts to evade the orders of several courts.

A party seeking to seal a document must demonstrate "compelling reasons" that overcome the presumptive right of public access. *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Here, it is unclear why Plaintiff needs to file these documents at all, much less the large quantity of documents she submitted. She has relied on them in her Motion to Amend only in passing, and certainly does not need to file all of them under seal. Furthermore, documentary evidence is not required to support the Motion to Amend. The Motion to Seal is therefore **DENIED** and the submitted documents are **REJECTED FOR FILING.** Plaintiff is directed to retrieve the submitted documents promptly.

**IT IS SO ORDERED**.

DATED: November 3, 2008

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge