

1 | COUGHLIN STOIA GELLER
   | RUDMAN & ROBBINS LLP
2 | FRANK J. JANECEK, JR. (156306)
   | JAMES A. CAPUTO (120485)
3 | CHRISTOPHER COLLINS (189093)
   | CHRISTIE SURIEL (228036)
4 | 655 West Broadway, Suite 1900
   | San Diego, CA 92101
5 | Telephone: 619/231-1058
   | 619/231-7423 (fax)
6 | – and –
   | JONATHAN E. BEHAR (174916)
7 | 9601 Wilshire Blvd., Suite 510
   | Los Angeles, CA 90210
8 | Telephone: 310/859-3100
   | 310/278-2148 (fax)

**FILED**

MAR 2 6 2009

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

LANDSKRONER • GRIECO
• MADDEN, LTD.
JACK LANDSKRONER
1360 West 9th Street, Suite 200
Cleveland, OH 44113
Telephone: 216/522-9000
216/522-9007 (fax)

LAW OFFICES OF ARTIE BARAN, APC
ARTIE BARAN (159259)
4545 Murphy Canyon Road, Suite 300
San Diego, CA 92123
Telephone: 858/560-5600
858/836-0318 (fax)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| PATRICIA SANFORD, PRESTON SMITH and RITA SMITH, On Behalf of Themselves and All Others Similarly Situated, | ) | No. 02-CV-0601-MMA(AJB) |
|---|---|---|
| | ) | CLASS ACTION |
| Plaintiffs, | ) | NOTICE OF APPEAL |
| vs. | ) | |
| MEMBERWORKS, INCORPORATED, et al., | ) | |
| Defendants. | ) | |

1    Notice is hereby given that plaintiffs in the above-captioned case (lead plaintiff Patricia

2 Sanford and intervenor plaintiffs Preston Smith and Rita Smith), on behalf of themselves and all

3 others similarly situated, hereby appeal to the United States Court of Appeals for the Ninth Circuit

4 from the final judgment, entered March 9, 2009, and all prior orders including, but not limited to, the

5 (1) September 30, 2008, order dismissing plaintiffs' first amended complaint, (2) December 23,

6 2008, order striking counts I, IX, X, and XI from plaintiffs' proposed amended complaint, and

7 (3) March 6, 2009, order denying plaintiffs' motion for leave to amend.

8 DATED: March 26, 2009                    COUGHLIN STOIA GELLER
                                             RUDMAN & ROBBINS LLP
9                                          FRANK J. JANECEK, JR.
                                           JAMES A. CAPUTO
10                                         CHRISTOPHER COLLINS
                                           CHRISTIE SURIEL
11

12

13                                         CHRISTOPHER COLLINS

14                                         655 West Broadway, Suite 1900
                                           San Diego, CA 92101
15                                         Telephone: 619/231-1058
                                           619/231-7423 (fax)
16
                                           COUGHLIN STOIA GELLER
17                                           RUDMAN & ROBBINS LLP
                                           JONATHAN E. BEHAR
18                                         9601 Wilshire Blvd., Suite 510
                                           Los Angeles, CA 90210
19                                         Telephone: 310/859-3100
                                           310/278-2148 (fax)
20
                                           LANDSKRONER • GRIECO • MADDEN, LTD.
21                                         JACK LANDSKRONER
                                           1360 West 9th Street, Suite 200
22                                         Cleveland, OH 44113
                                           Telephone: 216/522-9000
23                                         216/522-9007 (fax)

24                                         LAW OFFICES OF ARTIE BARAN, APC
                                           ARTIE BARAN
25                                         4545 Murphy Canyon Road, Suite 300
                                           San Diego, CA 92123
26                                         Telephone: 858/560-5600
                                           858/836-0318 (fax)
27
                                           Attorneys for Plaintiffs
28  S:\CasesSD\Memberworks\not00058473.doc

                                    - 1 -                    02-CV-0601-MMA(AJB)

1

# RULE 3-2 REPRESENTATION STATEMENT

2       Plaintiffs in this action, Patricia Sanford, Preston Smith and Rita Smith, on behalf of

3 themselves and all others similarly situated, are represented by the following counsel:

4 COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP

5 ERIC ALAN ISAACSON
FRANK J. JANECEK, JR.

6 CHRISTOPHER COLLINS
CHRISTIE SURIEL

7 AMANDA M. FRAME
655 West Broadway, Suite 1900

8 San Diego, CA 92101-3301
Telephone: 619/231-1058

9 619/231-7423 (fax)

10 LAW OFFICES OF ARTIE BARAN
ARTIE BARAN

11 A.P.C. 4545 Murphy Canyon Rd., Suite 300
San Diego, CA 92123

12 Telephone: 858/560-5600
858/836-0318 (Fax)

13

LANDSKRONER • GRIECO • MADDEN, LTD.

14 JACK LANDSKRONER
1360 West 9th Street, Suite 200

15 Cleveland, OH 44113
Telephone: 216/522-9000

16 216/522-9007 (fax)

17

18

19

20

21

22

23

24

25

26

27

28

02-CV-0601-MMA(AJB)

1       Defendants in this action, Memberworks, Inc., et al., are represented by the following

2   counsel:

3   SKADDEN ARPS SLATE MEAGHER & FLOM LLP

4   Allen L. Lanstra, Jr.
    Darrel J. Hieber

5   Robert J. Herrington
    300 South Grand Avenue, Suite 3400

6   Los Angeles, CA 90071
    Telephone: 213/687-5000

7   213/621-5600 (fax)

8   DATED: March 26, 2009

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
FRANK J. JANECEK, JR.
JAMES A. CAPUTO
CHRISTOPHER COLLINS
CHRISTIE SURIEL


          /s/ CHRISTOPHER COLLINS
_____
        CHRISTOPHER COLLINS

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JONATHAN E. BEHAR
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
Telephone: 310/859-3100
310/278-2148 (fax)

LANDSKRONER • GRIECO • MADDEN, LTD.
JACK LANDSKRONER
1360 West 9th Street, Suite 200
Cleveland, OH 44113
Telephone: 216/522-9000
216/522-9007 (fax)

LAW OFFICES OF ARTIE BARAN, APC
ARTIE BARAN
4545 Murphy Canyon Road, Suite 300
San Diego, CA 92123
Telephone: 858/560-5600
858/836-0318 (fax)

Attorneys for Plaintiffs

    02-CV-0601-MMA(AJB)

<u>DECLARATION OF SERVICE BY MAIL</u>

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2.      That on March 26, 2009, declarant served the **NOTICE OF APPEAL** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 26th day of March, 2009, at San Diego, California.

_____
TAMARA McSWEENY

02-CV-0601-MMA(AJB)

MEMBERWORKS
Service List - 3/26/2009    (02-0128)
Page 1 of 1

**Counsel For Defendant(s)**

Joshua F. Thorpe
M. Jerome Elmore
Corey F. Hirokawa
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, GA  30309-3417
    404/881-4100
    404/881-4111 (Fax)

Darrel J. Hieber
Robert J. Herrington
Allen L. Lanstra, Jr.
Skadden, Arps, Slate, Meagher & Flom LLP
300 S. Grand Ave., Suite 3400
Los Angeles, CA  90071
    213/687-5000
    213/687-5600 (Fax)

**Counsel For Plaintiff(s)**

Frank J. Janecek, Jr.
Christopher Collins
Christie Suriel
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
    619/231-1058
    619/231-7423 (Fax)

Jack Landskroner
Landskroner Grieco Madden, Ltd.
1360 West 9th Street, Suite 200
Cleveland, OH  44113
    216/522-9000
    216/522-9007 (Fax)

Artie Baran
Law Offices of Artie Baran, A P.C.
4545 Murphy Canyon Road, Suite 300
San Diego, CA  92123
    858/560-5600
    858/836-0318 (Fax)

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| PATRICIA SANFORD, PRESTON SMITH, AND PATRICIA SMITH on behalf of themselves and all others similarly situated, | Case No. 02-CV-0601 MMA (AJB) |
| Plaintiff, | JUDGMENT FOR MEMBERWORKS, INC. |
| v. | Hon. Michael M. Anello |
| MEMBERWORKS, INCORPORATED, a Delaware corporation, aka MWI Essentials, aka MWI Home and Garden, aka MWI Connections, aka MWI Valuemax, WEST CORPORATION, a Delaware corporation, WEST TELEMARKETING CORPORATION, a Delaware corporation, | Action Filed: March 28, 2002 |
| Defendants. | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1       On September 30, 2008, the Court executed an Order granting in whole Defendant

2   MemberWorks, Incorporated's Motion to Dismiss. [Doc. No. 146]. On December 23, 2008, the

3   Court struck the majority of Plaintiffs' proposed amendments to the Complaint. [Doc. No. 178]. On

4   March 6, 2009, the Court denied Plaintiffs leave to amend the Complaint, deeming the remaining

5   proposed amendments futile. [Doc. No. 183].

6

7       **IT IS HERBY ORDERED, ADJUDGED, AND DECREED** that Judgment be entered for

8   MemberWorks, Inc. and against Plaintiffs Patricia Sanford, Preston Smith, and Patricia Smith.

9       **IT IS SO ORDERED**

10  DATED: March 9, 2009

11

12                                           Hon. Michael M. Anello
                                         United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JUDGMENT FOR MEMBERWORKS, INC.

1

Case No. 02-CV-0601 MMA (AJB)



1

2

3

4

5

6

7

8

9

10    **UNITED STATES DISTRICT COURT**

11    **SOUTHERN DISTRICT OF CALIFORNIA**

12

13

14

15    PATRICIA SANFORD, PRESTON SMITH          CASE NO. 02CV0601-MMA (AJB)
      and RITA SMITH, On Behalf of Herself and
16    All Others Similarly Situated,                     **ORDER DENYING PLAINTIFFS'
                                                         MOTION FOR LEAVE TO**
17                                   Plaintiffs,        **AMEND**

                  vs.
18                                                     [Doc. No. 162]

19    MEMBERWORKS, INCORPORATED, et
      al.,
20
                                     Defendants.
21    Pending before the Court is Plaintiffs' Motion for Leave to Amend. [Doc. No. 162].

22                                   **BACKGROUND**

23          Plaintiffs' claims arise out of transactions in which they were sold memberships in

24    Memberworks, Inc.'s ("MWI") discount club. In the First Amended Complaint ("FAC"), Plaintiffs

25    asserted two federal claims, violations of the Electronic Funds Transfer Act ("EFTA") and the

26    Federal Unordered Merchandise Statute. [Doc. No. 113]. In addition, Plaintiffs also asserted three

27    state law claims for conversion, unjust enrichment, and fraud. *Id.*

28

- 1 -

02CV0601-MMA (AJB)

1    On September 30, 2008, the Honorable Larry Alan Burns issued an order dismissing the

2    FAC without prejudice. [Doc. No. 146]. Because it was apparent that the causes of action in the

3    FAC could not be saved by further amendment, the Court dismissed the Complaint without leave

4    to amend. Plaintiffs then filed an *ex parte* application for reconsideration, asking the court for

5    leave to amend the complaint to state a cause of action under the Racketeering Influenced and

6    Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"). [Doc. No. 148]. On November 3,

7    2008, the Court issued an order permitting Plaintiff to file a motion for leave to amend to assert a

8    RICO cause of action. [Doc. No. 154]. In the Order, Judge Burns expressed skepticism over

9    whether Plaintiffs could assert a RICO cause of action. Judge Burns stated,

10   Because Plaintiff has described in some level of detail the legal theories and factual bases
     for the claims she wishes to bring and because of the lateness of this request to amend, the
11   Court expects the SAC to include factual allegations supporting every element of her RICO
     claims, and to cite the statutes and theories of recovery she relies on. To the extent fraud is
12   the basis for a RICO claim, it must be pleaded with the particularity required under Fed. R.
     Civ. P. 9(b). . . . In short, the proposed SAC should demonstrate on its face why
13   amendment would not be futile.

14   *Nov. 3, 2008 Order* [Doc. No. 154] at 2:23–3:9 (citations omitted).

15   On November 17, 2008, Plaintiffs submitted the Motion for Leave to Amend. [Doc. No.

16   162]. Pursuant to the Court's instruction, Plaintiffs attached the Proposed Amended Complaint

17   ("PAC") as an exhibit to the Motion. [Doc. No. 162, Ex. A]. In addition to asserting a RICO claim,

18   however, Plaintiffs also reasserted several dismissed claims and added new plaintiffs to the PAC

19   in direct violation of the November 3, 2008 Order issued by Judge Burns. On December 16, 2008,

20   Defendant filed an *Ex Parte* Motion to Dismiss the case pursuant to Federal Rule of Civil

21   Procedure 41(b) or, in the alternative, strike the reasserted claims and additional plaintiffs. [Doc.

22   No. 168]. On December 23, 2008, the Court declined to dismiss the case pursuant to Rule 41(b),

23   but found good cause to strike the reasserted claims and the additional plaintiffs that were included

24   in the PAC. [Doc. No. 178]. In the Order, the Court stated that it would only assess the PAC in as

25   much as it asserts a RICO cause of action. *Dec. 23, 2008 Order* [Doc. No. 178] at 5:23–24.

26                              **LEGAL STANDARD**

27   Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend

28   pleadings should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Granting

- 2 -                                            02CV0601-MMA (AJB)

Case 3:02-cv-00601-MMA-AJB   Document 188   Filed 03/26/2009   Page 11 of 36
Case 3:02-cv-00601-MMA-AJB   Document 183   Filed 03/06/2009   Page 3 of 9

leave to amend rests in the sound discretion of the district court. *Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996). Although the rule should be interpreted with extreme liberality, leave to amend is not to be granted automatically. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). The Court takes into account five factors to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

<u>ANALYSIS</u>

In his November 3, 2008 Order, Judge Burns addressed the various factors the Court should consider in granting leave to amend. Judge Burns, however, ultimately declined to grant leave to amend because Plaintiffs had not demonstrated that they could in fact state a RICO claim. *Nov. 3, 2008 Order* [Doc. No. 154] at 2:1–26. However, Judge Burns permitted Plaintiff to file a motion for leave to amend "because Plaintiff has described in some level of detail the legal theories and factual bases for the claims she wishes to bring." *Id.* at 1–3. Judge Burns required that Plaintiffs attach the PAC as an exhibit to the motion, and stated, "[T]he Court expects the [PAC] to include factual allegations supporting every element of her RICO claims, and to cite the statutes and theories of recovery she relies on. . . . In short, the [PAC] should demonstrate on its face why amendment would not be futile." *Id.* at 3–4. Because Judge Burns assessed the other factors in light of the Motion in the November 3, 2008 Order, the Court will only assess whether amendment would be futile.

**I.   Standing of Plaintiff Patricia Sanford**

Defendant contends that the Court should not consider the Complaint in as much as it alleges any claims on behalf of Plaintiff Patricia Sanford because she does not have standing. Plaintiff Sanford's claims arise out of her purchase of "Tae-Bo fitness videotapes on or about February 19, 1999 . . . ." *Proposed Am. Compl.* [Doc. No. 162, Ex. A] at 5:9–6:13. Plaintiff Sanford settled all claims in a state court class action against West, a telemarketing entity that was subsequently dropped as a defendant in this suit. *Robert Herrington's Decl.* [Doc. No. 179-2] at Ex. A. Plaintiffs also allege in the Complaint that "all persons" enrolled in an MWI program pursuant to a series of agreements between West and MWI from 1998 to 2001, including "by way

1    of example (but without limitation), any acts or omissions that include, relate to or were part of an

2    upsell to a Tae-Bo product that occurred under or as part of one of the agreements . . . " are

3    excluded from the class. *Id.* at 24:12–24.

4        Standing is a judicially created doctrine that is an essential part of the case-or-controversy

5    requirement of Article III. *Pritikin v. Dept. of Energy*, 254 F.3d 791, 796 (9th Cir. 2001). "To

6    satisfy the Article III case or controversy requirement, a litigant must have suffered some actual

7    injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc. v. Heckler*,

8    464 U.S. 67, 70 (1984). By the terms of the Complaint, Plaintiff Sanford's injury falls outside the

9    scope of the purported class. Accordingly, Plaintiff Sanford has no injury that can be redressed by

10   a favorable judicial decision.[1] Because Plaintiff Sanford does not have standing, the Court will

11   consider the Complaint's allegations only to the extent that they pertain to Plaintiffs Preston and

12   Rita Smith.

13   **II.    RICO Causes of Action**

14       In the PAC, Plaintiffs allege counts predicated on the four subsections of the RICO statute,

15   18 U.S.C. § 162(a)–(d). In their Reply brief, however, Plaintiffs withdrew their request to amend

16   the complaint to include Counts III, IV, and VII, predicated on 18 U.S.C. § 1962(a) and (b). *Pls.'*

17   *Reply* [Doc. No. 180] at 1:2–3. Plaintiffs also concede that if they have not stated a claim under §

18   1962(c) (Counts II and VI), their claims under § 1962(d) (Counts V and VIII) cannot survive. *Id.*[2]

19

20   [1]Plaintiffs argue that inquiry into Sanford's standing is premature and must be decided at the
     class certification stage. *Pls.' Reply* [Doc. No. 180] at 10:8–22. Plaintiffs also contend that settlement
21   of the related state-court action does not mean that Sanford cannot continue to act as a class
     representative. *Id.* Plaintiffs argument is misplaced. Sanford is not yet a class representative because
22   the class has not yet been certified. Thus, she is currently pursuing this case in her individual capacity.
     Accordingly, Plaintiffs must demonstrate that Sanford, as an individual, has an injury in fact that can
23   be redressed by the Court. *See, e.g.*, *In re Connetics Corp.*, 542 F. Supp. 2d 996, 1003 (N.D. Cal.
     January 29, 2008) ("Once a lead plaintiff demonstrates individual standing on the basis of its own
24   injury in fact, that is the end of the inquiry and the lead plaintiff has standing to assert other related
     injuries suffered by members of the class."); *In re Verisign Sec. Litigation*, 2005 U.S. Dist. LEXIS
25   10439, at *25 (D. Cal. Jan. 13, 2005) ("Once the class representatives individually satisfy standing,
     that is it: standing exists.").
26
     [2]Plaintiffs assert that Defendant has conceded that if Plaintiffs are able to state a claim under
27   § 1962(c), they have stated a claim under § 1962(d). *Pls.' Reply* at 1:6–10. In the Opposition,
     however, Defendant asserts that even if Plaintiffs state a claim under § 1962(c), Plaintiffs failed to
28   allege a cognizable agreement between the members of the alleged enterprises, and have accordingly
     failed to state a claim under § 1962(d). *Def.'s Opp.* [Doc. No. 179] at 20:23–21:12. The Court will
     address this argument in turn if the Court finds Plaintiffs state a claim under § 1962(c).

a.    **Count II—Violation of § 1962(c) Based on Mail and Wire Fraud**

Plaintiffs allege in Counts II and VI violations of 18 U.S.C. § 1962(c), which provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. . . .

To state a claim under the RICO Act, the complaint must allege: (1) that the defendant participated in an "enterprise"; (2) that engaged in a "a pattern of racketeering"; (3) which caused injury to the plaintiff's "business or property"; and (4) that the conduct affected interstate commerce. *Sedima v. Imrex Co.*, 473 U.S. 479, 496 (1985).

In its Opposition to the Motion, Defendant argues that Plaintiffs have failed to adequately plead the "pattern of racketeering activity" element. In the Complaint, Plaintiffs allege "multiple and intentional acts of mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343." *Proposed Am. Compl.* [Doc. No. 162, Ex. A] at 30:28–31:1. Defendant contends that Plaintiffs' allegations on the alleged mail and wire fraud predicate offenses do not meet Rule 9(b)'s heightened pleading requirements. *Def.'s Opp.* [Doc. No. 179] at 13:22–16:9.

A "pattern of racketeering activity" is established where the defendant has committed at least two of the predicate acts listed in § 1961(1). *See* 18 U.S.C. § 1961(5). The heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure applies to RICO claims where the predicate offense involves wire or mail fraud. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392–93 (9th Cir. 1988), *cert. denied*, 493 U.S. 858 (1989). Under Rule 9(b), the plaintiff must specifically allege "the time, place and specific content of the false representations, as well as identities of the parties to the misrepresentation." *Moore*, 885 F.2d at 541. *See also Alan Neuman Productions, Inc.*, 862 F.2d at 1392–93.

Wire fraud under 18 U.S.C. § 1343 requires, "(1) the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive of defraud." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.* 806 F.2d 1393,1401 (9th Cir. 1986). Similarly, mail fraud under 18 U.S.C. § 1341 requires the following: "(1) the defendants formed a scheme or artifice to defraud;

1  (2) the defendants used the United States mails or caused a use of the United States mails in

2  furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or

3  defraud. *Id.* at 1400–01. The plaintiff has adequately alleged specific intent if there is "the

4  existence of a scheme which was 'reasonably calculated to deceive persons of ordinary prudence

5  and comprehension,' and the intention is shown by examining the scheme itself." *United States v.*

6  *Green*, 745 F.2d 1205, 1207–08 (9th Cir. 1984) (quoting *United States v. Bohonus*, 628 F.2d 1167,

7  1171 (9th Cir. 1980)).

8       Defendant points to various deficiencies in Plaintiffs' pleading of the mail and wire fraud

9  predicate offenses. Defendant contends that Plaintiffs fail to identify who made the purported false

10  statements to them, what fraudulent misrepresentations were made to any of the Plaintiffs or why

11  those statements were false, and do not allege that they were personally mailed anything or that

12  they received anything in the U.S. Mail. *Pls.' Opp.* [Doc. No. 179] at 13:22–16:9. Plaintiffs argue

13  that it quotes the telemarketing script verbatim and explains why it is deceptive and is not required

14  to identify the telemarketing operators by name. *Pls.' Reply* [Doc. No. 180] at 5:4–8:7.

15       Upon review of the Complaint, the Court finds that Plaintiffs have failed to allege with

16  sufficient particularity the wire and mail fraud allegations. Plaintiffs argue that, under Ninth

17  Circuit law, they are not required to allege the names of the employees who interacted with the

18  customer. *Pls.' Reply* at 7:2–8:7 (citing *Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007)).

19  The Court agrees that, under *Odom*, Plaintiffs are not required to name the exact employee who

20  spoke with Plaintiffs over the phone. The Court, however, notes that the facts alleged here are

21  quite different from those in *Odom* and lack the specific sorts of facts alleged in *Odom*. In *Odom*,

22  the Complaint alleged that Plaintiff

23       purchased a laptop computer from a Best Buy store in Pleasant Hill, California, in May
         2002; that he told the Best Buy employee when he purchased the computer that he did not
24       need the Trial CD and the MSN service because he already had an Internet service
         provider; that the employee nevertheless scanned the Trial CD and swiped Odom's credit
25       card, thereby sending the information to Microsoft by wire and establishing an account for
         Microsoft's MSN service without his knowledge or permission . . . .

26  *Id.* at 554. Here, Plaintiffs fail to allege the telemarketing entity that took their calls or what "bait

27  product" Plaintiffs actually purchased during each alleged call. Plaintiffs also fail to allege

28  whether it was Rita or Preston who actually spoke with the telemarketing entity and ordered the

"bait products." Plaintiffs allege that "Convergys Corporation" is one of the Telemarketing Entities, *Proposed Am. Compl.* at 29:13–23, but fail to allege that Convergys was the entity that took their call or sold them the "bait product." Plaintiffs assert that these are not pleading deficiencies because Defendant is in possession of such information, however, based on the attachments to the Complaint that show MWI's customer transactions, Plaintiffs have not demonstrated to the Court that such information is in Defendant's possession. The transaction records attached to the PAC merely show the name and location of the purchaser, date of the initial subscription, and a list of the various charges with limited notations regarding the reason for the charge or credit to that purchaser's account. There is no information regarding what entity sold the "bait products" to Plaintiffs or what product Plaintiffs actually purchased when they placed each call and were subsequently charged the membership fee.

Moreover, the Court finds that Plaintiffs fail to allege with facts regarding the use of the mails. Plaintiffs put forth conclusory allegations that the mails were used in perpetration of the fraud, but fail to allege when Defendant mailed items to Plaintiffs or if and when Plaintiffs received any mail from Defendant. Conclusory allegations are not sufficient to show that Defendant committed any act of mail fraud. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 533, 555 (2007) ("A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Accordingly, the Court finds that amendment to add this basis for relief would be futile.

**b.    Count VI—Violations of § 1962(c) based on Obstruction of Justice**

Plaintiffs also allege violations of 18 U.S.C. § 1962(c) based on alleged "obstruction of justice in violation of 18 U.S.C. § 1501 *et seq.*" Defendant contends that Plaintiffs have failed to allege with specificity what actual statute Defendant violated, that the RICO predicate acts pertain to obstruction of justice in the context of federal, not state, proceedings, and that Plaintiffs have failed to provide factual allegations regarding the purported acts of "obstruction of justice." *Def.'s Opp.* [Doc. No. 179] at 16:10–18:18. Defendants also argue that Plaintiffs do not have standing to assert claims under this theory. *Id.* at 19:1–20:6.

1    As an initial matter, the Court agrees that Plaintiffs do not have standing to assert claims

2    under this theory. Plaintiffs have alleged no injury resulting from the alleged obstruction of justice.

3    Moreover, from the facts alleged in the complaint, the FTC regulations that Defendant allegedly

4    violated did not go into effect until 2003, well after Plaintiffs suffered any injury. *Compare*

5    *Proposed Am. Compl.* at 21:9–20 *with Proposed Am. Compl.* at 6:4–7:19. Thus, Plaintiffs do not

6    have standing to bring this cause of action.[3]

7    Even if the Court found that Plaintiffs have standing, Plaintiffs have not alleged with

8    sufficient particularity what predicate acts Defendant has violated. As Defendant points out, not all

9    criminal offenses in 18 U.S.C. § 1501 *et seq.* are RICO predicate acts. Without providing the exact

10   statute or any facts beyond conclusory allegations that Defendant obstructed justice and interfered

11   with investigations and regulations, Plaintiffs have failed to provide sufficient facts to put

12   Defendant on notice of the allegations against it. Furthermore, the Court agrees that the RICO

13   predicate acts in § 1961(1) that pertain to obstruction of justice charges do not pertain to state

14   proceedings. Thus, to the extent that Plaintiffs allege that Defendant allegedly interfered with state

15   proceedings, that is, investigations by various state attorneys general, Plaintiffs cannot state a

16   claim. Because Plaintiffs do not have standing and have failed to allege facts to support this claim,

17   the Court finds that amendment to the complaint to add this claim would be futile.

18         **c.**     **Counts V and VIII—Conspiracy to violate RICO Under § 1962(d)**

19   Plaintiffs allege in Counts V and VIII violations of 18 U.S.C. § 1962(d), which provides,

20   "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a),

21   (b), or (c) of this section." Because Plaintiffs have failed to demonstrate a violation of subsection

22   (a), (b), or (c) of § 1962, the Court finds that Plaintiffs cannot state a claim for conspiracy. *See,*

23   *e.g., Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) ("Plaintiffs cannot claim that a

24   conspiracy to violate RICO existed if they do not adequately plead a substantive violation of

25   RICO."). Accordingly, the Court finds that amendment to add this claim would also be futile.

26   ///

27

28   [3]Plaintiffs again argue that Defendants argument regarding standing "is actually a premature attack on plaintiffs' adequacy to act as class representatives on this claim." *Pls.' Reply* [Doc. No. 180] at 8:22-9:5. For the reasons noted in n.1, *supra*, the Court disagrees.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CONCLUSION</u>

For the foregoing reasons, the Court finds that amendment to add a RICO cause of action would be futile. Accordingly, Plaintiffs' Motion for Leave to Amend is **DENIED**.

**IT IS SO ORDERED**.

DATED:  March 6, 2009

Hon. Michael M. Anello
United States District Judge

02CV0601-MMA (AJB)



# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

PATRICIA SANFORD, on Behalf of Herself and All Others Similarly Situated,

                                    Plaintiffs,

vs.

MEMBERWORKS, INCORPORATED, et al.,

                                    Defendants.

CASE NO. 02CV0601-MMA (AJB)

**ORDER GRANTING IN PART DEFENDANT'S *EX PARTE* APPLICATION FOR DISMISSAL OR, IN THE ALTERNATIVE, TO STRIKE CLAIMS AND ADDITIONAL PARTIES;**

[Doc. No. 168]

**STRIKING COUNTS I, IX, X, and XI FROM THE PROPOSED TAC ATTACHED TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

[Doc. No. 162]

02CV0601-MMA (AJB)

1    Pending before the Court is Defendant's *Ex Parte* Application for Dismissal or, in the

2    alternative, to strike claims and additional parties. [Doc. No. 168].

3                                   **BACKGROUND**

4    Plaintiffs' claims arise out of transactions in which they were sold memberships in

5    Memberworks, Inc.'s discount club. In the First Amended Complaint ("FAC"), Plaintiffs asserted

6    two federal claims, violations of the Electronic Funds Transfer Act ("EFTA") and the Federal

7    Unordered Merchandise Statute. [Doc. No. 113]. In addition, Plaintiffs also asserted three state law

8    claims for conversion, unjust enrichment, and fraud. *Id.*

9    On September 30, 2008, the Honorable Larry Alan Burns issued an order dismissing the

10   FAC without prejudice. [Doc. No. 146]. Judge Burns found that Plaintiffs could not state a claim

11   under the federal statutes, and declined to exercise supplemental jurisdiction over the state law

12   claims. [Doc. No. 146]. Because it was apparent that the causes of action in the FAC could not be

13   saved by further amendment, the Court declined to permit the substitution of additional named

14   plaintiffs and dismissed the Complaint without leave to amend. *Id.*

15   Plaintiffs then filed an *ex parte* application for reconsideration, asking the Court for leave

16   to amend the complaint to state a RICO cause of action. [Doc. No. 148]. Plaintiffs did not seek

17   leave to amend the complaint to add additional plaintiffs on the dismissed claims in the *ex parte*

18   application for reconsideration. On November 3, 2008, the Court issued an order permitting

19   Plaintiffs to file a motion for leave to file a Third Amended Complaint ("TAC"), asserting a RICO

20   cause of action only. [Doc. No. 154].[1] Despite the fact that Defendant did not seek leave to amend

21   the Complaint to add additional plaintiffs, the Court, in anticipation of an attempt to do so,

22   specifically stated, "The [TAC] must not include claims previously dismissed without leave to

23   amend, and must be complete in itself." [Doc. No. 154, 2:26–3:1].

24

25

26   [1]In the Order Dismissing the First Amended Complaint, Judge Burns deemed the FAC
     amended as proposed to remove Defendant West from the Complaint, although the Complaint was
27   ultimately dismissed. The SAC, however, was never actually filed with the Court, which created some
     procedural complications for Plaintiffs' settlement with Defendant West in state court. To alleviate
28   any confusion, the parties stipulated and the Court ordered that the SAC be deemed filed in this case
     to the extent that it removed Defendant West from the Complaint. [Doc. No. 171–173]. The action,
     however, remains dismissed. Accordingly, the Plaintiffs' motion for leave to amend [Doc. No. 162]
     is construed as a motion for leave to file a TAC.

                                       - 2 -                          02CV0601-MMA (AJB)

1    On November 17, 2008, Plaintiffs submitted the Motion for Leave to File a TAC. [Doc.

2    No. 162]. As instructed by the Court, Plaintiffs attached as Exhibit 1 the proposed amended

3    complaint. [Doc. No. 162-1]. The proposed amended complaint, however, not only adds the RICO

4    claim, but also reasserts the numerous claims that were previously dismissed by the Court without

5    leave to amend. In particular, Defendant reasserts claims for: (1) violation of the EFTA; (2)

6    conversion; (3) unjust enrichment; and (4) fraud. *Id.* Plaintiffs' proposed TAC also proffered to

7    add two new plaintiffs, something the Court expressly forbid in its prior dismissal order. [Doc. No.

8    146, 7:18–8:27]. In adding the new plaintiffs to the proposed amended complaint, Plaintiffs

9    contend that

10       In light of the Court's reconsideration of the part of its order dismissing the action in its
         entirety and denying leave to amend, the Court's concern with allowing a motion to
11       intervene is no longer present. . . . [S]ince the Court granted Plaintiffs' motion for
         reconsideration and permitted plaintiffs to seek leave to amend, its concern with permitting
12       unnamed class members to substitute in to act as additional class representatives is
         similarly moot.
13    [Doc. No. 162-10, 17:4–14].

14       In advance of its opposition to Plaintiffs' motion for leave to amend, Defendant filed an *ex*

15    *parte* motion to dismiss or, in the alternative, to strike claims and additional parties. [Doc. No.

16    168]. In the motion, Defendant argues that the Court should dismiss the entire action pursuant to

17    Federal Rule of Civil Procedure 41(b) based on what it calls the Plaintiffs' "deliberate

18    disobedience" of the Court's order granting Plaintiff's motion to file a motion for leave to amend

19    to assert a RICO cause of action. [Doc. No. 168-2, 1:4–5]. Defendant also asks that if the Court is

20    unwilling to dismiss the action in its entirety, that the claims and parties improperly included in the

21    proposed TAC be stricken. [Doc. No. 168-2, 8:17–19].[2]

22                          **DISMISSAL PURSUANT TO RULE 41(b)**

23       Rule 41(b) of the Federal Rules of Civil Procedure provides in relevant part that a

24    defendant may move to dismiss the action or any claim against it if the plaintiff fails to comply

25    with a court order. Fed. R. Civ. P. 41(b). The Ninth Circuit has held that "Dismissal . . . is so harsh

26

27       [2]Plaintiffs assert that Defendant's motion is improper as a request for *ex parte* relief, and that
         it is a "frivolous" application and should be denied. [Doc. No. 175, 1:2–11]. Plaintiffs assert that
28    Defendant is trying to avoid "mere litigation expense," which is not the sort of "irreparable injury"
         required for an *ex parte* application. *Id.* The Court disagrees that this is simply a matter of Defendant
         trying to avoid "mere litigation expense," and accordingly finds that this motion is proper as a request
         for *ex parte* relief.

1    a penalty it should be imposed as a sanction only in extreme circumstances." *Thompson v. Housing*

2    *Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). Before imposing dismissal as a sanction,

3    the district court must weigh several factors: the public's interest in expeditious resolution of

4    litigation; the court's need to manage its docket; the risk of prejudice to the defendant; the public

5    policy favoring disposition of cases on their merits; and the availability of less drastic sanctions.

6    *See Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996).

7            The Court finds Defendant's argument for dismissal under Rule 41(b) persuasive. It is in

8    this Court's interest to see that matters proceed expeditiously through the judicial system, and this

9    cannot be accomplished if the Court is asked to revisit matters that have previously been decided.

10   By permitting the Plaintiffs to essentially resurrect claims that were already dismissed without

11   leave to amend in the Court's prior order, the Court would be unable to manage its docket

12   effectively and promote judicial economy. In addition, Defendant would be prejudiced by the fact

13   that it would have to defend itself in federal court against claims already dismissed. Furthermore,

14   dismissing the action would not preclude Plaintiffs from pursuing relief in other venues. The Court

15   has not precluded the Plaintiffs from pursuing its state law claims in state court. Nor has the Court

16   precluded the proposed additional plaintiffs from filing their own cause of action in federal court.

17           Plaintiffs contend that they have not violated the Court's order because the Court's

18   reasoning for declining amendment to add additional plaintiffs no longer applies. In particular,

19   Plaintiffs contend that by permitting the Plaintiffs to file a motion for leave to amend to assert a

20   RICO cause of action, "the basis for the Court's decision not to consider a motion to intervene is

21   no longer present." [Doc. No. 175, 7:20–23]. Plaintiffs also argue that, "It is clear from the context

22   of the orders that the Court in no way intended to preclude plaintiffs from re-pleading the state-law

23   claims in the event plaintiffs' motion for leave to amend in federal RICO counts is granted." [Doc.

24   No. 175, 7:2–4].

25           The Court disagrees. As a preliminary matter, it remains to be seen whether Plaintiffs will

26   be permitted to amend the complaint because the Court has not yet issued its ruling on the

27   Plaintiffs' motion for leave to amend. Thus, whether the reasoning of the Court in its order

28   dismissing the FAC is moot is a premature inquiry at this stage in the proceedings. Furthermore, if

     the Court were to permit the reassertion of dismissed claims and the addition of new parties, the

                                        - 4 -                        02CV0601-MMA (AJB)

1    Defendant would be forced to address the new claims in its opposition. Plaintiffs seem to minimize

2    the effect of reasserting the new claims by contending that "plaintiffs have not sought to amend the

3    substance of the EFTA count in anyway whatsoever." [Doc. No. 175, 8: 28–9:3]. Regardless,

4    Defendant will still have to reassess the pleadings in light of the new Plaintiffs added and

5    determine whether the new Plaintiffs can state a claim under the various causes of action.

6         Finally, and perhaps most importantly, the Court finds no ambiguity in Judge Burns's order

7    granting the Plaintiffs leave to file a motion for leave to amend. Judge Burns made clear, in no

8    uncertain terms, that by permitting Plaintiff to file a motion for leave to amend the complaint to

9    add a RICO claim, Plaintiff was not permitted to reassert claims that had been previously

10   dismissed. By reasserting the previously dismissed claims through the addition of new plaintiffs,

11   Plaintiffs have directly violated the Court's directive in its September 30th Order. Furthermore, in

12   the face of what the Court sees as such clear and unambiguous language, the Court finds it

13   disingenuous for Plaintiffs to reassert the previously dismissed claims and add new parties to the

14   Complaint without having addressed its desire to do so in its *ex parte* application for

15   reconsideration.

16        The Court, however, believes that dismissal pursuant to Rule 41(b) is an inappropriate

17   sanction when there is no identifiable pattern of ignoring a court's orders or otherwise flaunting

18   the court's authority, as is the case here. Furthermore, the Court is persuaded by the fact that the

19   violation occurred in connection with Plaintiffs' motion for leave to amend, rather than the filing

20   of the TAC itself. Thus, although the Court believes dismissal would be permissible under these

21   circumstances, it declines to adopt such a harsh penalty. The Court, however, finds good cause to

22   strike the claims arising under the EFTA and state law, as well as the addition of new parties to the

23   proposed TAC. The Court will only assess the TAC in as much as it asserts a RICO cause of

24   action, and Defendant's opposition and Plaintiffs' reply should be tailored accordingly.

25                                    **CONCLUSION**

26        For the reasons stated herein, **IT IS HEREBY ORDERED**:

27   1.    Count I (for violations of the EFTA), Count IX (for conversion), Count X (for

28         Unjust Enrichment), and Count XI (for fraud) set forth in the proposed TAC

           attached to the Motion for Leave to Amend [Doc. No. 162-2] are **STRICKEN**.

2.    Additional Plaintiffs JASON GELDMACHER and MICHAEL L. WASLIN are

**STRICKEN** from the caption of the proposed TAC attached to the Motion for

Leave to Amend [Doc. No. 162-2].

**IT IS SO ORDERED**.

DATED:  December 23, 2008

*Michael M. Anello*

Hon. Michael M. Anello
United States District Judge

02CV0601-MMA (AJB)

1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| PATRICIA SANFORD, PRESTON SMITH, AND PATRICIA SMITH, on behalf of themselves and all others similarly situated, | CASE NO. 02CV0601-LAB (JFS) |
| | **ORDER GRANTING IN PART PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE;** |
| Plaintiff, | |
| vs. | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY;** |
| | **ORDER GRANTING IN PART PLAINTIFFS' MOTION TO AMEND; AND** |
| MEMBERWORKS, INCORPORATED, a Delaware corporation, aka MWI Essentials, aka MWI Home and Garden, aka MWI Connections, aka MWI Valuemax, WEST CORPORATION, a Delaware corporation, WEST TELEMARKETING CORPORATION, a Delaware corporation, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| | [Docket nos. 121, 123, 127, 145] |
| Defendants. | |

12

13

14

15

16

17

18

19

20

21

22

23    Defendant Memberworks, Incorporated ("MWI") is the sole remaining Defendant in this

24   putative class action. MWI has moved to dismiss the First Amended Complaint ("FAC") (docket no.

25   113) in its entirety because, it argues, the named Plaintiffs have failed to state a claim and a class has

26   not yet been certified. No motion for certification has been filed.

27   ///

28   ///

- 1 -

1    Plaintiffs have moved for leave to amend the FAC to withdraw the claims against Defendant
2  West Corporation because their claims against West, which are proceeding in state court, have been
3  settled.

4    Defendant MWI's argument is essentially that Plaintiffs have not stated a federal claim under
5  either the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.* or the Federal Unordered
6  Merchandise Statute, 39 U.S.C. § 3009. Therefore, MWI argues, Plaintiffs' supplemental state-law
7  claims, and the putative class action should both be dismissed.

8  **I.    Preliminary Matters**

9    The named Plaintiffs in this action are Patricia Sanford, and Preston and Rita Smith. While
10  Plaintiffs clearly identified the Smiths as named Plaintiffs in the FAC (FAC at 5:1–3), the FAC's
11  caption lists only Sanford. *See* Fed. R. Civ. P. 10(a). The FAC is therefore deemed amended to
12  include Preston Smith and Rita Smith in the caption.

13    Plaintiffs have asked the Court to take judicial notice, pursuant to Fed. R. Evid. 201, of a
14  class certification order in the state court action against West Corporation. Defendant MWI, in
15  opposition, disputes the relevance and admissibility of the class certification order. As discussed
16  below, the class certification order has some relevance to this action. However, as MWI points out,
17  while the existence of state court records may be judicially noticed, the findings of fact may not be.
18  *Wyatt v. Terhune*, 315 F.3d 1108, 1114 & n. 5 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d
19  668, 689 (9th Cir. 2001). MWI's request is **GRANTED** for the limited purpose of showing
20  proceedings in the state court. Besides the case pending in California state court, a class action is
21  pending in Ohio state court and a global settlement in those cases has received preliminary approval.
22  (Pls.' Mem. in Supp. of Mot. to Amend, at 1:2–8.)

23  **II.    Legal Standards**

24    A motion to dismiss tests the legal sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729,
25  732 (9th Cir. 2001). When determining whether a complaint states a claim, the Court accepts all
26  allegations of material fact in the complaint as true and construes them in the light most favorable to
27  the non-moving party. *Cedars-Sinai Medical Center v. National League of Postmasters of U.S.*, 497
28  F.3d 972, 975 (9th Cir. 2007) (citation omitted). However, the Court is "not required to accept as true

- 2 -

1  conclusory allegations which are contradicted by documents referred to in the complaint," and does

2  "not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of

3  factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003)

4  (citations and quotation marks omitted).  A motion to dismiss also may be granted if an affirmative

5  defense or other bar to relief, such as the statute of limitations, is apparent from the face of the

6  complaint. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

7  **III.   Discussion**

8       Plaintiffs' claims arise out of transactions in which they were sold memberships in MWI's

9  discount club.  The following facts are taken from the FAC's allegations, which, as noted, the Court

10  assumes to be true.  Plaintiffs saw television advertisements for products, which they called to

11  purchase.  During the call, West subjected them to a sales pitch in which they were led to believe they

12  were receiving a free membership in a discount or consumer rewards club but in fact only the first

13  month's membership was free. Thereafter annual membership costs of $60 to $150 were automatically

14  charged to their credit cards unless they cancelled their membership in time.  Unless callers rejected

15  the "free gift" or "free materials," MWI mailed them a membership kit and membership card and

16  charged them the membership fee every year. The membership kit itself contained coupons of nominal

17  value, a membership card, and information about how to make use of the membership by calling MWI

18  and obtaining discount certificates.  Members, including Plaintiffs, were sent nothing other than the

19  membership kit.

20       Plaintiff Sanford was charged $72 in 1999 and $84 again in January, 2000.  After she disputed

21  the 2000 charge, MWI refunded $84 but not the $72 charge.  Plaintiffs Preston and Rita Smith were

22  charged $72 on March 5, 1999, $95.88 on December 27, 1999, $84 on December 6, 2000, $95.88 on

23  December 27, 2000, and $59.40 for MWI 24-Hour Protect on December 27, 2000.

24       MWI's involvement in the alleged scheme consisted of preparing the script for this sales pitch

25  and providing it to West, mailing the membership kit, and charging Plaintiffs' credit cards.

26       **A.   Jurisdictional Matters**

27       Plaintiffs have pleaded two federal claims, violations of the EFTA and the Federal Unordered

28  Merchandise Statute. Plaintiffs also seek relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.

1    The Declaratory Judgement Act does not, however, confer jurisdiction. *Janakes v. U.S. Postal Serv.*,

2    768 F.2d 1091, 1093 (9th Cir. 1985). Nor can Plaintiffs rely on the Class Action Fairness Act, because

3    this action was filed before its enactment. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir.

4    2005). Ordinarily if federal claims are dismissed before trial, the Court should decline to exercise

5    jurisdiction over supplemental state-law claims as well. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S.

6    343, 350 n.7 (1988) ("if the federal claims are dismissed before trial . . . the state claims should be

7    dismissed as well") (internal quotation omitted); *see also* 28 U.S.C. § 1367(c).

8    **B.    EFTA**

9        Among other arguments, Defendant MWI points out the EFTA does not apply to credit

10    transactions. (Mem. of P.&A. in Supp. of Mot. to Dismiss ("Mot. to Dismiss") at 5:6–6:20.) This

11    point is well-taken. The EFTA applies to transfers involving a consumer's "account," which in turn

12    is defined as a "demand deposit, savings deposit, or other asset account . . . ." 15 U.S.C. § 1693a(2)

13    & (6); *see also Wike v. Vertrue, Inc.*, 2008 WL 2704364, slip op. at *8 (M.D.Tenn, July 8, 2008)

14    (holding that because plaintiff used a debit card rather than a credit card, the transaction was covered

15    by the EFTA). In the context of this case, this means Plaintiffs may not bring their EFTA claim based

16    on charges to their credit cards, although a plaintiff whose debit card was charged (and thus, whose

17    asset account was charged) could do so, assuming other requirements were met.

18        Plaintiffs do not contest this point, but argue because some members of the putative class paid

19    with debit cards, this claim can survive. (Opp'n to Mot. to Dismiss, at 7:15–25.) Because Plaintiffs'

20    claim does not come within the protection of the EFTA, however, it is clear Plaintiffs' claims must

21    be dismissed. It is likewise clear those members of the putative class whose credit cards were charged

22    cannot maintain a claim under the EFTA.

23        MWI also argues Plaintiffs' claims under the EFTA are time-barred. Plaintiff Sanford first

24    filed her complaint on March 28, 2002. MWI points out claims under EFTA must be brought within

25    one year of the date of the occurrence of the violation. 15 U.S.C. § 1693m(g).

26        In response, Plaintiffs argue that claims of members of the putative class may not be time-

27    barred. They also argue the statute of limitations should be equitably tolled due to MWI's fraudulent

28    concealment. (Opp'n to Mot. to Dismiss at 11:15–13:16.) The alleged concealment consisted of

- 4 -                                                02CV0601

1  disguising the nature of the transaction in the course of the telephone call, disguising the nature of the

2  transaction in credit card or bank statements, mailing the membership materials in generic bulk mail

3  envelopes so the importance of the material would not be recognized, and developing a script to use

4  in responding to consumers' inquiries about charges.[1]

5       Plaintiff Sanford says her second annual membership was refunded on February 29, 2000.

6  Therefore, even assuming MWI took steps to conceal the nature of the transaction, she had actual

7  notice at least as early as that date.  Facts showing Plaintiff Sanford's EFTA claims are time-barred

8  thus appear on the face of the FAC.

9       Whether tolling of the Smiths' EFTA claim is time-barred is an open question.  The FAC does

10  not indicate when the Smiths learned of the charges, so it is unclear whether tolling might be

11  appropriate.  The issue of whether putative class members' claims are time-barred likewise depends

12  on the resolution of factual questions and is not appropriate for determination at this stage.

13       Because Plaintiffs' asset accounts were not involved in the transactions at issue here, and

14  because Plaintiff Sanford's EFTA claims are time-barred, Plaintiffs' EFTA claims are **DISMISSED**.

15       **C.**    **Unordered Merchandise Statute**

16       In *Kipperman v.  Academy Life Ins.  Co.*, 554 F.2d 377, 380 (9th Cir.  1977), the Ninth Circuit

17  held the Unordered Merchandise Statute could give rise to a private right of action.  MWI has argued

18  intervening Supreme Court precedent has cast doubt on this holding, however (Mot.  to Dismiss at

19  10:11–14:16 (citing authority)), and this Court therefore need not and should not follow this precedent.

20  *See Wisneiwski v. Rodale, Inc.*, 406 F.  Supp.  2d 550, 557 (E.D.Pa.  2005) (holding § 3009 created

21  no private right of action) (citing *Alexander v. Sandoval*, 532 U.S. 275 (2001)); *Randolph v.  Oxmoor*

22  *House, Inc.* 2002 U.S. Dist. LEXIS 26289 (W.D. Tex., Sept.  30, 2002).

23       While the Eastern District of Pennsylvania has said the holding of *Kipperman* is "clearly not

24  appropriate today" in light of *Sandoval* and other intervening rulings by the Supreme Court, 406 F.

25  Supp. 2d at 557, the Ninth Circuit recently reaffirmed its holding in *Kipperman*, in the course of

26  explaining why nominal damages for violations of the Unordered Merchandise Statute (also referred

27  _____

28      [1] Plaintiffs only mentioned the script in their opposition to the Mot. to Dismiss; it is not alleged
in the FAC.

02CV0601

1    to as the Postal Reorganization Act) are unavailable. *Lindner v. Reader's Digest Ass'n, Inc.*, 231 Fed.

2    Appx. 663, 664 (9th Cir. 2007) (citing *Kipperman*, 554 F.2d at 380 for the principle that a recipient

3    of unordered merchandise may pursue a private cause of action for restitutionary damages). *See also*

4    *UMG Recordings, Inc. v. Augusto*, 558 F. Supp. 2d 1055, 1064 (C.D.Cal. 2008) (noting *Wisniewski*'s

5    criticism of *Kipperman* but finding *Kipperman* remained good law in this Circuit). While this

6    discussion was germane to the holdings of *Lindner* and *UMG*, it is less clear it constitutes part of the

7    holdings. As explained below, however, the Court need not resolve the doubtful issue of *Kipperman*'s

8    viability.

9         Plaintiffs' more immediate problem is that the Unordered Merchandise Statute governs only

10    merchandise, and not everything that can be mailed falls within this category. In *Kipperman*,

11    intangibles evidenced by written materials — there, an insurance policy or, arguably, an offer to sell

12    insurance — were not found to be "merchandise" as contemplated in the Statute. 554 F.2d at 380–81.

13    *See also Kashelkar v. Rubin & Rothman*, 97 F. Supp.2d 383, 395 (S.D.N.Y. 2000) (holding check sent

14    to plaintiff was not merchandise, but rather was offer to open a line of credit).

15         Plaintiffs argue their claims are like that presented in *Crossley v. Lens Express, Inc.*, 2001 WL

16    650728 (W.D.Tex., Feb. 12, 2001), because in that case, the plaintiff received contact lenses plus

17    unsolicited enrollment in a program under which he would be sent more contact lenses. *Crossley* is

18    inapposite, however, because the plaintiff was sent contact lenses, which qualify as merchandise.

19    Plaintiffs also argue the definition of merchandise includes the documents they were sent because the

20    documents were movable objects involved in trade or traffic and passed from hand to hand by purchase

21    and sale. (Opp'n to Mot. to Dismiss at 16:5–22.) While Plaintiffs are correct that documents are a

22    thing that could be offered for sale (*id.* at 16:20–22), the membership kit is not in fact the subject of

23    the offer; rather, the pleadings make clear what MWI is selling is opportunities to buy other goods at

24    a discount or to receive rebates or other rewards for purchase of those other goods.

25         In the absence of other indications of meaning, the Court looks to the ordinary meaning of the

26    term and may rely on a dictionary. *Cabazon Band of Mission Indians v. Smith*, 388 F.3d 691, 698 (9th

27    Cir. 2004) (citations omitted). Black's Law Dictionary defines merchandise as:

28    / / /

1    1. In general, a movable object involved in trade or traffic; that which is passed
2    from hand to hand by purchase and sale. 2. In particular, that which is dealt in by
     merchants; an article of trading or the class of objects in which trade is carried on
3    by physical transfer; collectively, mercantile goods, wares or commodities, or any
     subjects of regular trade, animate as well as inanimate.

4    Black's Law Dictionary 1008 (8th ed. 2004), and notes, parenthetically:

5    This definition generally excludes real estate, ships, intangibles such as software, and
     the like, and does not apply to money, stocks, bonds, notes, or other mere
6    representatives or measures of actual commodities or values.

7    The membership kit contained nothing that was the subject of sale by West or MWI; rather, it

8    contained documents enabling members to make use of MWI's rewards program or discount

9    purchasing program, a card evidencing membership in the program, and coupons constituting offers

10   to make purchases at a discount. (FAC, ¶¶ 23, 26, 31–32, 42–43.) In other words, the object of the

11   trade was the membership; the membership kit was merely incidental to the sale of the membership.

12       For this reason, Plaintiffs' claims under the Unordered Merchandise Statute are **DISMISSED**.

13   Class claims are likewise **DISMISSED**. Because it is clear Plaintiffs cannot save this claim by

14   amendment, they will not be given leave to amend.

15       **D.    Supplemental Jurisdiction**

16       Because Plaintiffs' federal claims are being dismissed, the Court will decline to exercise

17   jurisdiction over their state-law claims. *Carnegie-Mellon*, 484 U.S. at 350 n.7.

18       **E.    Class Allegations**

19       As discussed above, the only remaining federal claim that might be brought by a class member

20   is an EFTA claim within the limitations period by a class member whose debit card was charged.

21   Because all Plaintiffs' claims are being dismissed, they cannot serve as class representatives. Because

22   a class has been certified in the state court proceeding, however, it is possible a member of the class

23   would be able to substitute in as a named Plaintiff.

24       When named plaintiffs' claims have been dismissed for lack of jurisdiction before class

25   certification, dismissal of the complaint is appropriate. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350

26   F.3d 1018, 1023 (9th Cir. 2003). Likewise, when the named plaintiffs' claims have been dismissed

27   for failure to state a claim before a motion for certification has been filed, courts will ordinarily

28   dismiss the entire action without permitting the substitution of additional named plaintiffs. *See, e.g.,*

1  *Bailey v. Cumberland Cas. & Surety Co.*, 180 Fed. Appx. 862, 865 (11th Cir. 2006); *Dietrich v.*

2  *Bauer*, 76 F. Supp. 2d 312, 326 (S.D.N.Y. 1999) (denying as premature named plaintiff's motion to

3  appoint additional class representatives, on the grounds that the class had not yet been certified and

4  therefore did not yet exist). *But see Nat'l Fed'n of the Blind v. Target Corp.*, 2008 WL 54377, slip

5  op. at *1 (N.D.Cal., Jan. 3, 2008) (noting that, after granting defendant's motion for summary

6  judgment, court had granted the putative class 30 days to name a new class representative)

7  (distinguishing *Lierboe*).

8       In this case, Plaintiffs were not injured in ways actionable under federal law. This is not a case

9  where their claims became moot during the pendency of the action; rather, they never had any federal

10  claims and therefore could not bring supplemental state claims. No motion for certification has been

11  filed, nor has any other putative class member's motion to intervene as a named Plaintiff been filed,

12  although the briefing makes clear Plaintiffs and their counsel knew dismissal of their claims was a

13  possibility. Because Plaintiffs were never qualified to represent the putative class, the Court would

14  not grant a motion to intervene at this point even if the proceedings were stayed to allow such a motion

15  to be filed. *See Lidie v. State of California*, 478 F.2d 552, 555 (9th Cir. 1973) (holding that, in contrast

16  to a situation where named plaintiffs' claims become moot during the pendency of proceedings,

17  "where the original plaintiffs were never qualified to represent the class, a motion to intervene

18  represents a back-door attempt to begin the action anew, and need not be granted").

19       The Court has taken notice of the fact that claims against West are being pursued as a class

20  action in state court, and also notes that because the pendency of this action tolled the statute of

21  limitations for individual claims, mitigating prejudice to members of the putative class. *Wright v.*

22  *Schock*, 742 F.2d 541, 545 (9th Cir. 1984) (citing *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S.

23  345, 352–53 (1983)). Plaintiffs have also represented a global settlement in the state court cases has

24  received preliminary approval. (Pls.' Mot. to Amend at 1:2–8.)

25       The Court will therefore not follow the *Nat'l Fed'n for the Blind* approach and entertain

26  motions to intervene, but rather will follow the Eleventh Circuit's approach in *Bailey* and dismiss the

27  action in its entirety.

28  / / /

02CV0601

1  / / /

2  **F.    Pending Motion to Amend**

3      Plaintiffs' pending motion to amend explains they agreed in the state action to amend their

4  complaint in this Court to remove any suggestion that Plaintiffs are pursuing claims against West in

5  this Court. (Pls.' Mot. to Amend at 1:9–12.) Plaintiffs represent that if amendment is not permitted,

6  West will rescind the settlement. (*Id.* at 1:13–17.)  To avoid any needless impediment to the

7  settlement of the state court cases, the Court **DEEMS** the FAC amended as proposed, although it is

8  being dismissed.

9  **IV.    Conclusion and Order**

10      For reasons explained above, the federal claims of Plaintiffs Sanford and Preston and Rita

11  Smith are **DISMISSED WITH PREJUDICE** and their supplemental state claims are **DISMISSED**

12  **WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND.**  The FAC is **DISMISSED**

13  **WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND.** Plaintiffs' pending motion to

14  amend is **GRANTED IN PART** as noted above, but is otherwise **DENIED AS MOOT.**  All other

15  pending motions are **DENIED AS MOOT** and all pending dates are **VACATED.**

16

17      **IT IS SO ORDERED.**

18  DATED: September 29, 2008

19

20  **HONORABLE LARRY ALAN BURNS**
    United States District Judge

21

22

23

24

25

26

27

28

- 9 -

02CV0601

# Notice of Appeal Notification Form

**To:**   Clerk, U.S. Court of Appeals                                    **Date:** 3/27/2009
**From:** U.S. District Court, Southern District of California
**Subject:** New Appeals Case Information & Docket Fee Notification

## Case Information

Case Title:   PATRICIA SANFORD, on behalf of herself and all others similarly situated; PRESTON SMITH, on behalf of himself and all others similarly situated; RITA SMITH, on behalf of herself and all others similarly situated v. MEMBERWORKS, INCORPORATED, a Delaware corporation, aka MWI Essentials AKA MWI Home and Garden aka MWI Connections aka MWI Valuemax; WEST CORPORATION, a Delaware corporation; WEST TELEMARKETING CORPORATION, a Delaware corporation

U.S.D.C. No.:   02-cv-00601-MMA-AJB          U.S.D.C. Judge:   Michael M. Anello

Complaint/Indictment/Petition Filed:   Complaint

Appealed Order Entered:      3/9/2009

Notice of Appeal Filed:   3/26/2009

Court Reporter:   Eva Oemick

COA Status:   ☐ Granted in full/part (appeal only)          ☐ Denied (send clerk's file)

## Docket Fee Notification
Docket Fee:   ☒ Paid          ☐ Not Paid          ☐ No Fee Required
USA/GOVT. APPEAL:   ☐ Yes   ☒ No

Date F/P granted (Show Date and Attach Copy of Order): _____

Was F/P Status Revoked?   ☐ Yes   ☐ No

Companion Case(s): (Please list consolidated cases, if applicable) _____

## Counsel Information
**Appellant Counsel:**                              **Appellee Counsel:**

Frank J Janecek , Jr.                               Allen L. Lanstra
James A. Caputo                                     Skadden Arps Slate Meagher & Flom LLP
Christopher Collins                                 300 South Grand Avenue, 36th Floor
Christie Suriel                                     Los Angeles, CA 90071
Coughlin Stoia Geller Rudman and Robbins            (213) 687-5513
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

**Appellant Counsel:**  (continued)
Jack Landskroner
Landskroner - Grieco - Madden
1369 W 9th Street, Suite 200
Cleveland, OH 44113
(216) 522-9000

Jonathan E. Behar
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
(310) 859-3100

**Appellee Counsel:**    (continued)
Darrel J Hieber
Skadden Arps Slate Meagher and Flom
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
(213) 687-5220

Michael Steven Lawrence
Skaden Arps Slate Meagher & Flom LLP
300 S Grand Avenue, Suite 3400
Los Angeles, CA 90071
(213) 687-5647

Robert J Herrington
Skadden Aprs Slate Meagher and Flom
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90017
(213) 687-5368

Jeffrey H Dasteel
Skadden Arps Slate Meagher and Flom
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
(213) 687-5000

Counsel Status:  [ x ] Retained        [ ] Appointed        [ ] Pro Se
Appointed by: _____
(Attach copy of order/minutes)

## Defendant Information

Prisoner ID Number:    _not applicable_____
Bail: _____
Custody: _____

## SERVICE LIST

**Counsel for Appellant(s) and Appellee(s), as listed on the previous page, have been sent copies of the following items:**

| | |
|---|---|
| x | Transmittal of U.S.C.A. (Appellant and Appellee) |
| x | Case Information/Docketing Fee Notification Form. (Appellant Only) |
| | Notice of Appeal. (Appellant, Appellee, U.S. District Judge, USPO, and Court Reporter) |
| x | Docket Entries (Appellant and Appellee) |
| x | Designation of Reporter's Transcript and Ordering Form. (Appellant Only, mailed separately) |
| | Order for Time Schedule. (Criminal Only) (Appellant, Appellee, and Court Reporter) |
| | Magistrate Judge's Report and Recommendation |
| | COA Order |
| | F/P Order |
| | Minute Order |
| x | Other: JUDGMENT, entered 3/9/2009; ORDER Denying Plaintiffs' Motion for Leave to Amend, entered 3/6/2009; ORDER Granting in Part Defendant's Ex Parte Application for Dismissal Or, In the Alternative, to Strike Claims and Additional Parties, and Striking Counts I, IX, X and XI from the Proposed TAC Attached to Plaintiff's Motion for Leave to Amend, entered 12/23/2008; ORDER Granting in Part Plaintiff's Request for Judicial Notice, Granting Plaintiff's Motion for Leave to File Sur-Reply, Granting in Part Plaintiff's Motion to Amend, and Granting Defendants' Motion to Dismiss, entered 9/30/2008. <u>Document submitted by Appellants:</u> Civil Appeals Docketing Statement (original plus copies). |

Form Completed And Documents Served By U.S. District Court Deputy Clerk:

## A. ROWLAND

Angela Rowland
_____

Deputy's Name                              Deputy's Signature

# UNITED STATES DISTRICT COURT
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

To:    Clerk, U.S. Court of Appeals
       P.O. Box 193939
       San Francisco, CA 94119-3939

**Re:    USCA No:**
**       USDC No:    02-cv-00601-MMA-AJB**
**       Sanford et al v. Memberworks, Inc., et al**

Clerk, U.S. Court of Appeals, enclosed herewith you will please find:

| | | | | |
|---|---|---|---|---|
| x | Copy of the Notice of Appeal | | x | Docket Entries |
| x | Case Information/Docket Fee Payment Notification Form | | | |
| | Order for Time Schedule (Criminal) | | | |
| x | Judgment Order | | | F/P Order |
| | CJA Form 20 | | | Minute Order |
| | Certificate of Record | | | Mandate Return |
| | Magistrate Judge's Report and Recommendation | | | |
| | COA Order | | | |
| | Amended docket fee notification form | | | |
| | Order Appointing Counsel for Appeal | | | |
| x | ORDER Denying Plaintiffs' Motion for Leave to Amend, entered 3/6/2009; ORDER Granting in Part Defendant's Ex Parte Application for Dismissal Or, In the Alternative, to Strike Claims and Additional Parties, and Striking Counts I, IX, X and XI from the Proposed TAC Attached to Plaintiff's Motion for Leave to Amend, entered 12/23/2008; ORDER Granting in Part Plaintiff's Request for Judicial Notice, Granting Plaintiff's Motion for Leave to File Sur-Reply, Granting in Part Plaintiff's Motion to Amend, and Granting Defendants' Motion to Dismiss, entered 9/30/2008. Document submitted by Appellants: Civil Appeals Docketing Statement (original plus copies). | | | |
| x | Please acknowledge receipt | | | |

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

Date: 3/27/2009

By:    **A. ROWLAND**
A. Rowland, **Deputy**